Opinion filed September 25, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed September
25, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00065-CR 

                                                     __________

 

                                  JOHN
EARL MAYS, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 244th District Court 

 

                                                           Ector
County, Texas

 

                                                 Trial
Court Cause No. C-33,094

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury found John Earl Mays, Jr. guilty of four counts of aggravated sexual
assault of a child younger than fourteen years of age.  The trial court
assessed his punishment at confinement for fifty years.  Mays challenges his
conviction with a single point of eror, contending that the evidence is
factually insufficient because the State=s
case rests on the victim=s
testimony B but her
testimony was not corroborated by physical evidence, was contradicted by her
mother, and was inconsistent.  We affirm. 








                                                            I. 
Standard of Review

To
determine if the evidence is factually sufficient, the appellate court reviews
all of the evidence in a neutral light.  Watson v. State, 204 S.W.3d
404, 414 (Tex. Crim. App. 2006).  Then, the reviewing court determines whether
the evidence supporting the verdict is so weak that the verdict is clearly
wrong and manifestly unjust or whether the verdict is against the great weight
and preponderance of the conflicting evidence.  Id. at 414-15.

                                                                 II. 
The Evidence

C.V.
testified that she went to Odessa with her mother, Ermelinda, and brother,
F.E., to celebrate her uncle=s
birthday and the Fourth of July.  They originally stayed at her uncle=s house but later went to
the home of his sister-in-law, Jennifer, and spent the night of July 3 there. 
C.V. went to sleep in Jennifer=s
room.  Jennifer subsequently woke her up and moved her to the living room where
she slept on a mattress on the floor with F.E. and three younger cousins. 
Still later, Mays moved F.E. from the mattress to a couch.

Ermelinda
went to sleep in Jennifer=s
room.  At some point that night, she moved to the living room and laid down on
the mattress with C.V.  According to Ermelinda, C.V. was in the middle of the
mattress.  But C.V. testified that she was on the outside.  Mays was laying on
a couch. He told Ermelinda that her brother was calling, and she went outside
to see him.  She learned that her brother was not calling her and attempted to
return inside, but the doors had been locked.  She banged on the door; Mays let
her inside; and Ermelinda laid back down on the mattress.  Mays again told her
that her brother was calling, and Ermelinda went back outside.  Her brother
denied calling her, and when she tried to return to the house, she discovered
the door had been locked again.  Mays let her in and told her to go lay down in
Jennifer=s room
because it was cooler.  She did so and did not wake up again until the morning.

C.V.
woke up when Mays attempted to stick his penis in her bottom.  He then tried to
enter her vagina with his penis.  While still laying behind her, Mays reached
around and inserted his finger into her vagina.  He then moved around her and
licked her vagina.  C.V. did not scream or cry out because she was scared that
she would get blamed.  At trial, C.V. testified that Mays was wearing a yellow
shirt and sweats.  She acknowledged previously saying that she heard Mays pull
his zipper down before he assaulted her.








According
to Ermelinda, C.V. was extremely nervous the next morning.  She wanted to hurry
up and go back home.  She refused to say what was wrong until August 31, when
she told Ermelinda that Mays had assaulted her.  C.V. testified that she did
not say anything sooner for fear of being taken away from her mother. 
Ermelinda took C.V. to the police on September 1.  Officer Cody Young took an
initial statement from Ermelinda.  C.V. was taken to Harmony Home to speak with
a forensic interviewer, Shawndee Kennedy.  C.V.=s
interview was recorded, and the videotape of that interview was played for the
jury.  Kennedy testified that C.V.=s
reactions during the interview were normal and that she believed her.

C.V.
was then taken to Medical Center Hospital for examination.  Kristen Abbott is a
registered nurse and is Medical Center=s
Sexual Assault Nurse Coordinator.  She performed C.V.=s exam and found no evidence of trauma. 
Abbott testified that this did not surprise her because of the passage of time
and because the vagina area normally heals quickly.

                                                                     III.
Analysis

Mays
correctly notes that there was no corroborating physical evidence, that C.V.
and Ermelinda disagreed on whether C.V. was sleeping in the middle or on the
outside of the mattress, and that C.V.=s
pretrial statement that she heard Mays=s
zipper is inconsistent with her trial testimony that he was wearing sweats. 
Each of these factors is clearly germane to the jury=s credibility analysis, but they are
insufficient to make the jury=s
verdict so against the great weight of the evidence as to be clearly wrong and
unjust.








We
must give great deference to the jury=s
determination of the weight and credibility of the evidence.  Baker v. State,
94 S.W.3d 684, 687 (Tex. App.CEastland
2002, no pet.).  The jury could consider the lack of physical evidence against
the passage of time and C.V.=s
reason for not speaking up sooner when determining whether this was
significant.  We note that C.V.=s
testimony was at least partially corroborated by Ermelinda=s description of C.V.=s behavior the following
morning and by Kennedy=s
testimony describing C.V.=s
reactions as normal and her accusations as credible.  The jury could also
consider Mays=s
behavior.  The jury heard evidence that, when Ermelinda moved into the living
room, he twice told her that her brother was calling when he was not, that he
apparently locked the door behind her each time she went outside to see her
brother, and that he finally suggested she sleep in Jennifer=s room.  The jury also
heard evidence that Mays moved C.V.=s
brother from the mattress to a couch.  This behavior could be construed as
facilitating a subsequent assault on C.V.

C.V.
and Ermelinda disagreed on what part of the mattress C.V. was sleeping, but the
jury could reasonably conclude that C.V. was correct and Ermelinda in error or
that the difference was immaterial because, if Ermelinda was able to lay down
next to C.V., Mays could as well.  Finally, while there was a difference in
C.V.=s initial
description of Mays=s
clothing and her testimony at trial, the jury watched the videotape of her
interview at Harmony Home.  That interview took place on September 1, 2005,
when C.V. was twelve years old.  The trial took place in February 2007 when she
was only a few days from her fourteenth birthday.  The jury was entitled to
consider the passage of time and the overall consistency of her allegations
from outcry through trial when assessing her credibility. We cannot say that
its decision to find her testimony credible is against the great weight and
preponderance of the evidence.  Issue One is overruled.

                                                                    IV. 
Holding

The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

September 25,
2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:   Wright,
C.J.,

McCall, J., and Strange, J.